IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| JAMES F. MCGILL, JR d/b/a JAMES MCGILL PLUMBING & HEATING, f/d/b/a MR. ROOTER OF LACKAWANNA & LUZERNE, | : | BANKRUPTCY NO.: 5-12-bk-05538-JJT |
| DEBTOR | : | |
| ALBERT WILLIAMS, SR. AS EXECUTOR OF THE ESTATE OF EVAN J. WILLIAMS, DECEASED, | : | {**Nature of Proceeding**: Defendant's Motion to Dismiss Amended Complaint Objecting to Dischargeability of Debt (#9)} |
| PLAINTIFF | : | |
| vs. | : | |
| JAMES F. MCGILL, JR., | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-14-ap-00153-JJT** |

# OPINION

The Plaintiff, Albert Williams, Sr., Executor of the Estate of Evan J. Williams, has filed a Complaint against the Debtor, James F. McGill, Jr., asking that a certain state court judgment be deemed non-dischargeable. The allegations of the Complaint incorporate the content of a state court complaint and allege that the Debtor operated and owned a facility identified as White Owl Manor Personal Care Home at a time when Evan Williams died by reason of the misconduct of the Debtor. The gist of the complaint is that Evan died when he was inappropriately fed food that White Owl was previously advised could not be digested by Evan. Attached to the Bankruptcy Complaint was a state court verdict slip awarding damages of $125,000 and

responding affirmatively when asked whether the conduct of James McGill and White Owl Manor was "malicious, wanton, willful, or oppressive, or recklessly indifferent to the health and safety of Evan J. Williams."

Debtor has filed a Rule 12(b) motion asking that the Complaint be dismissed. In order to survive such a motion, there must be "a sufficient showing of enough factual matter (taken as true) to suggest the required elements . . .[of the claim]". *Phillips v. County of Allegheny* 515 F.3d 224, 235 (3rd Cir. 2008).

With that in mind, the Plaintiff has alleged that the Debtor has some liability for causing the death of Plaintiff's decedent. The jury verdict slip suggests that this liability could have been reckless. It is clear that reckless behavior cannot normally support a claim for nondischargeability. *In re Conte*, 33 F.3d 303 (3rd Cir. 1994). Nevertheless, the verdict slip adds nothing to the evaluation necessitated by the Motion to Dismiss. The basic question that must be asked is do we know from reading the Complaint what exactly the Debtor is alleged to have done to incur this liability. The allegation suggests that McGill, or someone under his direction or control, caused the death of Plaintiff's decedent. The ramifications as to whether McGill directly caused the death of the decedent or was vicariously responsible for the conduct of an agent are significant as it applies to the issue of dischargeability. See, for example, Lawrence Ponoroff, *Vicarious Thrills: the Case for Application of Agency Rules in Bankruptcy Dischargeability Litigation,* 70 Tul. L. Rev. 2515 (June, 1996). A reading of the Complaint requires me to speculate as to what McGill's role in the death of Evan Williams actually was. "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). In order to pass the test

of plausibility, sufficient facts must be alleged to demonstrate that, if proven, this obligation will survive discharge. For this reason, the Motion to Dismiss must be granted. The Plaintiff is given twenty-one (21) days to file an Amended Complaint.

    My Order will follow.

By the Court,

Date: October 30, 2014

John J. Thomas, Bankruptcy Judge

(CMS)